UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| OMNISOURCE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> BURGESS GROUP CONSOLIDATED, LLC, and BURGESS CORPORATION, <br><br> Defendants. | CAUSE NO. 1:24cv93 DRL-SLC |
| BURGESS CORPORATION, <br><br> Counterclaim-Plaintiff, <br><br> v. <br><br> OMNISOURCE, LLC, <br><br> Counterclaim-Defendant. | |

OPINION AND ORDER

Burgess Group Consolidated, LLC and Burgess Corporation, both North Carolina companies, ask the court to transfer this contract dispute with OmniSource, LLC, an Indiana company, to the Eastern District of North Carolina under 28 U.S.C. § 1404(a). Burgess Group likewise moves to dismiss counts one, two, and three for lack of personal jurisdiction and improper venue under Rules 12(b)(2) and 12(b)(3). The court transfers the case to the Eastern District of North Carolina and denies Burgess Group's motion to dismiss as moot.

BACKGROUND

In November 2021, Burgess Group sought to buy property from OmniSource located in Wilmington, North Carolina. The two entered into a Real Estate Sale and Purchase Agreement

that month [45-1], later amended twice in January and June 2022 [45-2; 45-3], which contains a North Carolina choice-of-law provision but no forum selection clause [45-1 § 17(g)].

OmniSource contemporaneously contracted with Burgess Corporation (Burgess Group's affiliate) to disassemble and move an industrial shredder located on the property, memorialized in a Shredder Moving Agreement [45-8] that was later amended in June 2022 [45-9]. The Shredder Agreement contains an Indiana choice-of-law provision and a forum selection clause [45-8 § 13].

Likewise in June 2022, OmniSource, Burgess Group, and Chicago Title Insurance Company entered into an Escrow Agreement in which Burgess Group agreed to deposit $250,000.00 to be held as security for Burgess Corporation's performance under the Shredder Agreement [45-10]. Burgess Group and Burgess Corporation are both wholly owned by Vincent Oliver Burgess IV [20].

Problems ensued. On January 22, 2024, OmniSource filed various contract claims against Burgess Group and Burgess Corporation in Indiana state court. OmniSource claimed that the property was subject to a use agreement benefitting a third-party (Louisiana-Pacific Corporation) that Burgess Group failed to honor. OmniSource alleged it incurred over $2.5 million in damages to Louisiana-Pacific that Burgess Group declined to indemnify under the Purchase Agreement. OmniSource also claimed that Burgess Corporation failed to move the shredder in a timely manner in violation of the Shredder Agreement. As a corollary, OmniSource alleged that Burgess Group failed to pay under the Escrow Agreement for violations of the Shredder Agreement.

The Burgess defendants removed the case and a month later moved to transfer it under 28 U.S.C. § 1404(a) to the Eastern District of North Carolina. Omnisource filed an amended

complaint. In May 2024, Burgess Group added a motion to dismiss three counts for lack of personal jurisdiction and improper venue. The court now decides these ripe motions.

DISCUSSION

The court begins and ends with the motion to transfer. With proper venue, the court may transfer a case when considerations of fairness and convenience show another appropriate venue is better suited to hear it.[1] *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

This statute codifies the doctrine of *forum non conveniens* for those cases in which the recipient forum sits within the federal court system. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007). In considering a § 1404(a) motion, and in the typical case not involving a forum selection clause, the court "must evaluate both the convenience of the parties and various public[] interest considerations." *Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 62 (2013). This includes well-worn private and public interest factors. *See id.* at 62 n.6; *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981); *In re Ryze Claims Sols., LLC*, 968 F.3d 701, 707-08 (7th Cir. 2020).

When there is a valid forum selection clause—when the parties have agreed to litigate in a particular forum—the court then gives no weight to the plaintiff's choice and disregards the private interest factors. *See Atl. Marine*, 571 U.S. at 63-64. Except in the rarest of cases, a plaintiff

---

[1] This district is proper venue by virtue of 28 U.S.C. § 1441. *See* 28 U.S.C. § 1390(c); *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953).

can hardly call a forum it chose by contract an inconvenient one. *See id.* at 66; *Ryze Claims*, 968 F.3d at 708. This presupposes that the forum selection clause is mandatory, not just permissive. *See Atl. Marine*, 571 U.S. at 63; *Nulogy Corp. v. Menasha Packaging Co.*, 76 F.4th 675, 679-80 (7th Cir. 2023); *IAC/InterActiveCorp v. Roston*, 44 F.4th 635, 645 (7th Cir. 2022); *accord BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin.*, 884 F.3d 463, 470-72 (4th Cir. 2018). Therein is the first debate today.

A. *Forum Selection Clause.*

Burgess Group and Burgess Corporation argue in their motion to transfer that the forum selection clause in the Shredder Agreement is permissive, not mandatory. They also note that the clause only binds Burgess Corporation, as the sole signatory to the Shredder Agreement [45-8 § 10(c)] and without Burgess Group consenting to this clause even when the company signed the first amendment [45-9 § 2].[2] OmniSource says the clause binds both defendants.

Federal courts sitting in diversity interpret contracts according to the law the forum state would apply to the dispute. *See Klaxon v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941); *Hess v. Biomet, Inc.*, 105 F.4th 912, 917 (7th Cir. 2024). Indiana "generally defers to contract provisions specifying the law that should guide a court's interpretation." *Hess*, 105 F.4th at 917 (citing *Allen v. Great Am. Rsrv. Ins.*, 766 N.E.2d 1157, 1162 (Ind. 2002)). The Shredder Agreement pinpoints Indiana law [45-8 § 13], so the court interprets the agreement accordingly.

Under Indiana law, the goal in contract interpretation is to enforce the parties' intent at the time they made the agreement. *See id.* at 917-18 (quoting *Care Grp. Heart Hosp., LLC v. Sawyer*,

---

[2] Burgess Group signed the first amendment to the Shredder Agreement explicitly to acknowledge and agree to § 2 only, which revised OmniSource's remedies in the event Burgess Corporation defaulted. At no time did Burgess Group consent to the separate forum selection clause in § 13 of the Shredder Agreement.

93 N.E.3d 745, 752 (Ind. 2018)) (quotations omitted). When a contract is clear, the court stays within the "four corners" of the agreement and applies "its plain and ordinary meaning in view of the whole contract, without substitution or addition." *Id.* at 918 (quoting *Sawyer*, 93 N.E.3d at 752, 756) (quotations omitted). Only when the contract proves ambiguous—when reasonable people could come to different conclusions as to its meaning—will extrinsic evidence permissibly inform the intent of the contracting parties. *See Univ. of S. Ind. Found. v. Baker*, 843 N.E.2d 528, 532 (Ind. 2006). "Parties to a contract are generally free to bargain for the terms that will govern their relationship," such as "where any disputes will be resolved." *O'Bryant v. Adams*, 123 N.E.3d 689, 692-93 (Ind. 2019).

The Shredder Agreement defines the parties: OmniSource, LLC is "OmniSource," Burgess Corporation is the "Contractor," and Burgess Group Consolidated, LLC is the "Buyer" [45-8]. The forum selection clause explicitly binds only the "Contractor" (Burgess Corporation) and "OmniSource," not the "Buyer" (Burgess Group):

> Contractor hereby consents to the jurisdiction and venue of the courts of Allen County, State of Indiana with respect to any action commenced hereunder and agrees that any action initiated by Contractor must be brought in said court. Nothing contained herein, however, is intended to preclude OmniSource from commencing any action hereunder in any court having jurisdiction thereof.

[45-8 § 13 (caps removed)]. Its exclusion of "Buyer" expresses the clear intent not to bind Burgess Group, only Burgess Corporation.

This clause contains both mandatory (exclusive) and permissive (nonexclusive) language. *See generally Kochert v. Adagen Med. Int'l, Inc.*, 491 F.3d 674, 679 n.2 (7th Cir. 2007). It permits OmniSource to file suit in any court having jurisdiction; and, in the case of a suit in Indiana (Allen County), Burgess Corporation consents to both jurisdiction and venue. Nothing calls an Indiana

venue exclusive or mandatory under this first scenario of an OmniSource-initiated suit. Only when Burgess Corporation "initiated" the action "must" it have done so in Indiana. The parties chose different language for this second scenario, and in doing so revealed they knew how to write a mandatory provision for both scenarios if they had wanted it. But they didn't.

OmniSource initiated this suit, and it permissively chose an Indiana venue. Burgess Corporation "consents" by virtue of the agreement to this venue. Only the permissive clause applies here. This is so regardless of Burgess Corporation's counterclaim, which never "initiated" this action, and OmniSource's arguments concerning closely-related nonsignatories and the contemporaneous writing rule. At most, the clause proves to be permissive, thereby requiring an examination of both private and public interest factors today.

B. *Forum Analysis of Private and Public Interests.*

The court assesses the convenience of the parties and the interests of justice to decide the appropriate forum. *Atl. Marine*, 571 U.S. at 62; *Roston*, 44 F.4th at 643. In addition to (1) the convenience of the parties, the private interest factors include (2) the relative ease of access to sources of proof, (3) the availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses, (4) the possibility of needing to view the premises, and (5) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Atl. Marine*, 571 U.S. at 62 n.6. The public interest factors include (1) the administrative difficulties flowing from court congestion, (2) the local interest in having localized controversies decided at home, and (3) the interest in having the trial of a diversity case in a forum that is at home with the law. *See id.* Finally, the court must also give some weight to the plaintiff's choice of forum. *See id.* (citing *Norwood v. Kirkpatrick,* 349 U.S. 29, 32 (1955)).

The parties agree that the first private interest factor—convenience of the parties—is typically set by a permissive forum selection clause. Even if not exclusive, a party's consent to suit in a venue often establishes that venue's convenience, else little meaning would be ascribed to their consent. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989). This situates this factor toward Indiana for Burgess Corporation. Though Burgess Group argues that it is not covered by any forum selection clause, it stops short of showing the Northern District of Indiana would be inconvenient. This factor weighs against transfer.

As to the second, third, and fourth factors—the importance of easy access to sources of proof and witnesses, and the need to view the premises—these tend to favor North Carolina. OmniSource offers little on these factors (outside of a footnote). Foremost, this dispute concerns the sale and use of real estate in North Carolina. It also concerns the company's claim that Burgess Corporation failed to disassemble and remove machinery from the property in North Carolina in a timely way. OmniSource claims damages from the failure to use railcars and trucks to remove the shredder properly. Any efforts, or the failure at efforts or the headwinds to these efforts, would need to be verified by inspection there, not here. All the alleged actions or inactions occurred in North Carolina.

Although certain witnesses from OmniSource are located in Indiana, and although lines of proof reflected in documentation can be easily exchanged regardless of forum, witnesses from two companies (both Burgess Corporation and Burgess Group) and those responsible for the duties that OmniSource claims were breached, are located in North Carolina. Non-party witnesses are likely to include people based in North Carolina who were sought out by the Burgess parties to assist with their contractual obligations. Extensive travel for litigation would

burden this class of witnesses and make compulsory process (for trial) unavailing. Although in the post-pandemic era, lawyers have handled depositions more adaptably than always traveling, the rules still contemplate localized depositions. And there will be more there than here. These factors favor a North Carolina forum.

As to the fifth factor, the parties raise no other practical concerns related to efficient litigation. This factor thus seems neutral. Overall, however, more private interest factors favor a North Carolina forum than an Indiana one.

Turning to the public interest factors, both parties contend that administrative challenges from court congestion should not weigh heavily on the analysis. They note that while the Northern District of Indiana has fewer pending civil cases on average, the Eastern District of North Carolina has faster median times from filing to disposition and from filing to trial for civil cases. This can change year-to-year and presider-to-presider, however. A shortage of district judges in northern Indiana last year, for instance, has since been remedied to permit cases to move more swiftly. Similar to the parties, the court views this factor as effectively neutral.

The second factor—the local interest in having disputes resolved at home—is the most controverted between the parties. The defendants contend that North Carolina has the stronger interest, given that they are each North Carolina citizens, the dispute concerns property in and work done in North Carolina, and the property dispute is governed by North Carolina law. OmniSource responds that Indiana has a strong interest in protecting its own citizens' contractual rights, and that this suit over indemnification and responsibility for the costs of already-moved equipment are not necessarily tied to North Carolina.

But OmniSource cannot escape that, whatever its claims, this lawsuit was precipitated by a conflict over property and events in North Carolina. To be sure, Indiana and North Carolina have comparable interests in ensuring that contracts involving their citizens are honored. Still, North Carolina has the measurably stronger interest when North Carolina-based property and contractual obligations predominate this suit.

The third factor—the law that applies—neither favors nor disfavors transfer. "[F]ederal judges routinely apply the law of a State other than the State in which they sit." *Atl. Marine*, 571 U.S. at 67. Moreover, one contract in this dispute is subject to Indiana law and the other is subject to North Carolina law, so either way a judge presiding over this case will be called to apply law from one state on the one hand and then to apply the law from the other state on the other.

The private interest factors thus materially favor a North Carolina forum, and the public interest factors on balance add to this conclusion. Mindful of giving appropriate weight to OmniSource's choice of forum, the factors nonetheless are weighty enough together to favor North Carolina as the forum for resolution of this dispute. Transfer will best serve the convenience of the parties, witnesses, and the interests of justice.[3]

## CONCLUSION

Accordingly, the court GRANTS Burgess Group's and Burgess Corporation's motion to transfer [28], DENIES AS MOOT Burgess Group's motion to dismiss [41], and TRANSFERS this case to the United States District Court for the Eastern District of North Carolina under 28 U.S.C. § 1404(a).

---

[3] Because Burgess Group says its motion to dismiss for lack of personal jurisdiction would be moot upon transfer, the court denies it as moot.

SO ORDERED.

January 29, 2025                                  *s/ Damon R. Leichty*
                                                  Judge, United States District Court